# IN THE COURT OF APPEALS OF IOWA

---

No. 25-1019
Filed April 29, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Jamal Jordan Bowser,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Woodbury County,
The Honorable John C. Nelson, Judge.

---

**AFFIRMED**

---

Pamela Wingert of Wingert Law Office, Spirit Lake, attorney for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, attorneys for appellee.

---

Considered without oral argument
by Tabor, C.J., Langholz, J., and Telleen, S.J.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

Jamal Bowser appeals his conviction for indecent exposure by masturbation. *See* Iowa Code § 709.9(2)(a) (2025). Although two witnesses observed him holding his erect and exposed penis in his hand while standing on a street corner—and one of them also said "it looked like he was playing with it"—he argues there was insufficient evidence to prove that he was stimulating his "genitals . . . for the purpose of sexual gratification or arousal." *Id.* § 709.9(2)(c). Because this was substantial evidence from which a reasonable factfinder could find beyond a reasonable doubt that Bowser was masturbating in public in violation of the statute, we affirm his conviction for indecent exposure by masturbation.

The court heard evidence that one March 2025 evening, two women each leaving their separate workplaces saw Bowser on a street corner in Sioux City. The first "locked eyes" with him as she was walking and he made some motion "kind of, like, nudged down," and when she "looked down, he was holding his penis in his hand. And—and as he was holding it, it was erect." She "tried to get away as fast as [she] could," and called 911 when she got to her car. Because she left so quickly, she "was unsure" if Bowser "was doing this for pleasure" and only knew "he was holding it. It was in his hand."

The second woman was waiting at a stoplight while Bowser was beside her. She saw another woman "looking at his direction" who "seemed pretty upset." So she also "looked in his direction just to—out of curiosity" and saw Bowser staring at her. "He had his penis out and it looked like he was playing with it." She agreed that "it appeared that he was masturbating" and "[l]ike he was pleasuring himself." She also agreed with the other woman that "Bowser's penis was erect." And she acknowledged that when she first talked to the police, she had said she was "unsure" if he was masturbating.

Bowser was charged with indecent exposure by masturbation in violation of Iowa Code section 709.9(2)(a). He waived his right to a jury trial. And at a bench trial, the court heard testimony from the two women and three other witnesses called by the State, and it received exhibits—including the 911 call made by the first woman. The court found both eyewitnesses to be "especially" credible and summed up its ultimate findings:

> The court has no reasonable doubt. The court is convinced that [Bowser] exposed his penis to both of the women, that he was aroused (erect), and that he was touching himself for the purpose of gratification. [Bowser's] actions constitute "masturbation" as contemplated by the Code of Iowa. The motions for a directed verdict/judgment of acquittal are denied. The Defendant is found guilty of the crime of Indecent Exposure pursuant to Iowa Code Section 709.9(2)(a).

The court eventually imposed a 135-day jail sentence with credit for time served, a ten-year special sentence under Iowa Code section 903B.2, and a $430 fine, and ordered Bowser to register as a sex offender under Iowa Code section 692A.102(1)(a)(5).

We review Bowser's challenge to the sufficiency of the evidence for correction of errors at law. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). We are bound by the jury's verdict "if the verdict is supported by substantial evidence." *Id.* Evidence is substantial when "sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* And in assessing its sufficiency, we view "the evidence in the light most favorable to the State" and make all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *State v. Brown*, 5 N.W.3d 611, 615–16 (Iowa 2024) (cleaned up).

Under our indecent-exposure statute, "[a] person who masturbates in public in the presence of another, not a child, commits a serious

misdemeanor." Iowa Code § 709.9(2)(a). And "masturbate" is defined to mean "physical stimulation of a person's own genitals or pubic area for the purpose of sexual gratification or arousal of the person, regardless of whether the genitals or pubic area is exposed or covered." *Id.* § 709.9(2)(c). "Because it is difficult to prove intent by direct evidence, proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." *State v. Lyons*, 16 N.W.3d 66, 69 (Iowa Ct. App. 2024) (cleaned up). So the "intent to arouse or gratify the sexual desire" of the accused that is required to prove masturbation "can be inferred from an accused's conduct, remarks, and all surrounding circumstances." *Id.* at 70 (cleaned up).

Bowser argues that the evidence here was insufficient because it "did no more than raise suspicion" and showed only "[h]is mere presence at the location . . . with his genitals exposed." We disagree. The evidence showed much more than merely exposing his genitals. Both eyewitnesses agreed that his penis was erect and that his hand was touching it. This showed that he was aroused. *See id.* at 69. While one woman could only say that Bowser was "holding" his erect penis "in his hand" and the other believed he was "playing with it" or "pleasuring himself," together they reasonably support the legitimate inference that Bowser was using his hands to engage in "physical stimulation of [his] own genitals . . . for the purpose of sexual gratification or arousal of" himself. Iowa Code § 709.9(2)(c); *see also Lyons*, 16 N.W.3d at 70 (collecting cases affirming on similar facts).

Substantial evidence supports the district court's finding that Bowser is guilty of indecent exposure by masturbation. We thus affirm his conviction.

**AFFIRMED.**